IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES LALA, # 09873-081,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-300-MJR |
| ) | |
| **JEFFERY WALTON, PATRICK COOK,** ) | |
| **and JENNIFER WEBBER,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 3, 2014, Plaintiff Charles Lala filed a *pro se* civil rights action alleging that Defendants had violated his right to free speech under the First Amendment, denied him due process of law, and retaliated against him for exercising his First Amendment rights. (Doc. 1).

In an order dated March 31, 2014, the Court held that Plaintiff's claims, as drafted, should have been raised in a habeas corpus petition pursuant to 28 U.S.C. § 2241 and dismissed the case without prejudice. (Doc. 6). However, the Court left open the possibility for Plaintiff to amend his complaint to state a civil rights claim that was not barred under the *Heck* doctrine. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The Court instructed Plaintiff that if he wished to exercise this option he should file an amended complaint stating facts supporting his claims for the alleged constitutional deprivations within thirty-five (35) days of the Court's Order dismissing the case (on or before May 2, 2014). Thirty-five (35) days have since passed. The Plaintiff has not filed an amended complaint.

As a result, the present case is **DISMISSED** and this case is **CLOSED**. This dismissal shall be **WITHOUT PREJUDICE** to Plaintiff filing a § 2241 petition related to his loss of Good Conduct Time. Moreover, the dismissal of this case shall not bar Plaintiff from refiling these same claims, at a later date, if he successfully overturns the loss of Good Conduct Time in a § 2241 petition.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 14, 2014**

s/ MICHAEL J. REAGAN
United States District Judge
